IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-03104-DME-BNB

GLENN A. WOLLAM, and
BONNIE J. SHOENSTEIN,

Plaintiffs,

v.

WRIGHT MEDICAL GROUP, INC., a Delaware corporation,
WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation,
WRIGHT MEDICAL EUROPE S.A., a foreign corporation,
DANIEL M. WARD, M.D., an individual,
JOHN DOE, an individual, and
JANE DOE, an individual,

Defendants.

---

## ORDER

---

This matter arises on the following:

(1)     **Defendant Daniel Ward, M.D.'s Motion for Protective Order** [Doc. # 41, filed

4/13/2011] (the "Motion for Protective Order"); and

(2)     **Plaintiffs' Motion to Compel Deposition of Defendant Daniel M. Ward, M.D.**

[Doc. # 44, filed 4/20/2011] (the "Motion to Compel").

I held a hearing on the motions this morning and made rulings on the record, which are

incorporated here.

I will not allow parties, by means of the duty to confer under D.C.COLO.LCivR 7.1A or

the belated use of discovery motions, to hijack a case schedule.  A Rule 7.1A conference must be

meaningful, see Hoelzel v. First Select Corp., 214 F.R.D. 634 (D. Colo. 2003), but it can be

completed promptly, and usually in less than two weeks time.  Ordinarily, I anticipate that a

party experiencing discovery difficulties will send a letter to opposing counsel addressing the

issues and requesting a resolution.  If there is no response or no resolution, I anticipate that the

parties will engage in a conference, perhaps face-to-face but at least by telephone, at which the

issue is addressed, compromises are made if appropriate, and a resolution is reached.  If the

conference fails to achieve a resolution, I anticipate a party will utilize the tools of the Federal

Rules of Civil Procedure to achieve the required end--be it serving a deposition notice or a

subpoena, filing a motion to compel or for protective order, or the like.  All of that reasonably

can occur in less than two weeks.

People in contemporary society are extremely busy, and I understand that.  Nonetheless,

the proceedings of a lawsuit, including discovery, are important matters and must be given a

priority in view of the limited amount of time allowed for discovery to be completed.

Ordinarily, I anticipate that the excuse of the press of other business--by a party, non-party, or

counsel--may be used to delay reasonable discovery by no more than one week.  I am

particularly unreceptive to the excuse of the press of other business when offered by trial counsel

to delay proceedings.  In the event counsel is too busy to address the requirements of this case,

he or she must engage the assistance of other lawyers in their firm or retain associated counsel.

IT IS ORDERED:

1.      The Motion for Protective Order [Doc. # 41] is DENIED as moot, the date of the

deposition having elapsed;

2.      The deposition of Dr. Daniel M. Ward shall be scheduled at a date and time as the

parties may agree, provided the deposition is concluded no later than May 19, 2011.  The

2

deposition shall occur at the place of residence or business of Dr. Ward; and

3.      The Motion to Compel [Doc. # 44] is DENIED as moot in view of my other rulings.  The hearing on the Motion to Compel set for June 14, 2011, at 10:00 a.m., is VACATED.

Dated April 25, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge