IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-03104-DME-BNB

GLENN A. WOLLAM, and
BONNIE J. SHOENSTEIN,

Plaintiffs,

v.

WRIGHT MEDICAL GROUP, INC., a Delaware corporation,
WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation,
WRIGHT MEDICAL EUROPE S.A., a foreign corporation,
JOHN DOE, an individual, and
JANE DOE, an individual,

Defendants.
_____

**ORDER**
_____

This matter arises on **Defendant Wright Medical Group, Inc. and Wright Medical Technology, Inc.'s Motion to Compel** [Doc. # 78, filed 8/26/2011] (the "Motion to Compel"), which is DENIED.

The Motion to Compel concerns documents withheld from production on a claim of work product immunity. In particular, in response to seven of the defendants' production requests, the plaintiffs objected, stating that the requests "seek[] the work product of Plaintiffs' counsel without a showing of a substantial need on the part of the Wright Defendants." See, e.g., Response to Request 3 [Doc. # 78-1] at p. 3. In further support of the asserted immunity, the plaintiffs provided a privilege log. Privilege Log [Doc. # 78-3] at pp. 10-12. With respect to Production Request No. 3, for example, the plaintiffs identified the withheld document(s) as follows:

> The following categories of documents and things are being
> withheld under a claim that they are attorney work product without
> a showing of substantial need by Wright Medical.
>
> Request for Production No. 3: . . . Published medical literature,
> available in the public domain, addressing such issues as fretting
> corrosion, and fractures of modular necks in hip arthroplasty.
>
> Information in the public domain from th FDA MAUDE Database
> related to neck fractures of Wright Medical and Cremisole modular
> necks.

Privilege Log [Doc. # 78-3] at p. 10.  The plaintiffs make clear with respect to every document withheld from production based on the work product immunity that the documents are available in the public domain and that the plaintiffs obtained them from a publicly available source.  Id.  In addition, I was informed during argument on the Motion to Compel that the plaintiffs have withheld only two documents, totaling 61 pages, based on the work product immunity.

The defendants argue in support of their Motion to Compel that "[t]he law is clear . . . that documents created by others are not properly considered work product simply because counsel obtained the documents,"  Motion to Compel [Doc. # 78] at p. 2, and that the withheld documents are not immune from discovery because "they are not created by Plaintiffs or Plaintiffs' counsel, nor were they created in anticipation of litigation."  Id. at p. 5.  The plaintiffs respond that the withheld documents are entitled to work product protection because they "were the fruits of the plaintiffs' counsel's personal research efforts. . . ."  Response [Doc. # 81] at p. 2.

Materials may be subject to the work product immunity, even when created by others and not in anticipation of litigation, where (1) counsel has sifted through a large number of documents in order to locate and identify a smaller number of documents which are relevant to the case; and (2) although the documents themselves are not protected work product, requiring

2

production of the culled documents would reveal to the other side the mental processes, impressions, and opinions of the attorneys who separated "the wheat from the chaff."  San Juan Dupont Plaza Hotel Fire Litigation, 859 F.2d 1007, 1010 (1st Cir. 1988); accord Sporck v. Peil, 759 F.2d 312, 316 (3d Cir. 1985)(holding that the selection and compilation of documents by counsel in preparation for pretrial discovery may constitute work product).[1]

The selection and compilation of otherwise unprivileged documents by counsel for litigation purposes should give rise to the work product immunity only where there is "a real, rather than a speculative, concern" that the thought processes of the compiling lawyer will be exposed.  Gould Inc. v. Mitsui Mining & Smelting Co., Ltd., 825 F.2d 676, 680 (2d Cir. 1987). Thus, where the number of documents withheld numbers in the thousands, "it would be difficult to conceive that Plaintiffs' trial strategy could be gleaned solely by virtue of Plaintiffs' disclosure of the documents selected."  Disability Rights Council fo Greater Washington v. Washington Metropolitan Transit Authority, 242 F.R.D. 139, 144 (D.D.C. 2007).  Under those circumstances, the compilation "is, at most, fact-based work product," which may be ordered disclosed on a showing of substantial need and undue hardship.  Id.

Similarly, compilations that might otherwise be subject to the work product doctrine may nonetheless be discoverable if they ultimately will be used in the litigation and there is no

---

[1] The defendants rely primarily on Bartley v. Isuzu Motors Ltd., 1994 Dist. LEXIS 18373 (D. Colo. June 28, 1994), where a judge of this court held that "documents obtained from a litigation group, such as ATLA, are not subject to the work product doctrine."  There is no indication in Bartley, however, that the lawyer did any culling as was found to have occurred in San Juan and Sporck and as plaintiffs' counsel claims to have undertaken here.  In addition, the judge in Bartley remarked that the only citation provided to him on the issue was Bohannon v. Honda Motor Co., 127 F.R.D. 536 (D. Kan. 1989).  Although the Bohannon case contains references to a number of the leading cases on the issue, including San Juan and Sporck, the judge did not address them.

expectation that they will remain secret.  San Juan, 859 F.2d at 1016-17.

Here, I find that the compilation of materials by plaintiffs' counsel through his personal research constitutes work product.  The volume of documents withheld--two--is sufficiently small that their disclosure could reveal plaintiffs' counsel's mental processes, impressions, and opinions .  The plaintiffs have produced the materials that may be used in depositions or at trial, and I am informed that the withheld documents will remain secret.  Even if the withheld documents constitute mere fact-based work product, and not opinion work product, the defendants have failed to make any showing of substantial need for the materials to prepare their case or undue hardship to obtain substantially equivalent information.

IT IS ORDERED that the Motion to Compel [Doc. # 78] is DENIED.

Dated September 20, 2011.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge