IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-03104-DME-BNB

GLENN A. WOLLAM, and
BONNIE J. SHOENSTEIN,

Plaintiffs,

v.

WRIGHT MEDICAL GROUP, INC., a Delaware corporation,
WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation,
WRIGHT MEDICAL EUROPE S.A., a foreign corporation,
JOHN DOE, an individual, and
JANE DOE, an individual,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiffs' Motion to Request Documents Attached as Exhibits to Plaintiffs' Response . . . Be Placed Under Seal** [Doc. # 186, filed 11/29/2012] (the "Motion to Restrict Access"), which is DENIED.

Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to restrict access. It provides in relevant part:

> **A. Policy.** The public shall have access to all documents filed with the court and all court proceedings, unless restricted by court order or as provided in Section D of this rule.
>
> **B. Motions to Restrict Access.** Any motion to restrict public access will be open to public inspection and must:
>
> 1. Identify the document or the proceeding for which restriction is sought;
>
> 2. Address the interest to be protected and why such interest

>outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access);
>
>3. Identify a clearly defined and serious injury that would result if access is not restricted;
>
>4. Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
>5. Identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

The important public interests in open court records are discussed in Huddleson v. City of Pueblo, 270 F.R.D. 635 (D. Colo. 2010), and include:

>People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing. The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly.

Id. at 635 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509 (1984)).

The plaintiffs fail to address the requirements of local rule 7.2. In particular, the plaintiffs fail to address the interest to be protected and why such interest outweighs the presumption of public access; identify a clearly defined and serious injury that would result if access is not restricted; or explain why no alternative to restricted access (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits) is practicable or why only restricted access will adequately protect the interest in question. The plaintiffs state that the documents "may be confidential and may be subject to the Protective Order filed on April 7, 2011," but local rule 7.2 expressly provides that "stipulations between the parties or stipulated

protective orders with regard to discovery, alone, are insufficient to justify restricted access."

The plaintiffs have failed to make the showing necessary to restrict access.

IT IS ORDERED that the Motion to Restrict Access [Doc. # 186] is DENIED.

Dated November 30, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge